Dunkin, Ch.
By the 13th clause of the Act of 1839, “concerning the office and duties of Ordinary,” it is prescribed that appeals may be taken from the judgment of the Ordinary to the Court of Common Pleas or Equity, by filing notice with the Ordinary, who shall thereupon make out and furnish to the party appealing, a copy of such judgment, &c., and of the evidence taken by him in such proceeding. If the appeal shall be on matters of account, the appellant shall docket the case in the Court of Equity for hearing at its next term; and if the Court should approve of said decree, the party, in whose favor it may be, shall be entitled to a writ of fieri facias to enforce the said decree; if the Court should modify the said decree, it may order the Commissioner to restate the accounts, and upon his report made and confirmed, the party in whose favor it may be, shall be entitled to a writ of fieri facias to enforce the decree. It is further provided, that either party shall have the right of appeal to the Court of Appeals in Law or Equity, as the case may be.
The appellant’s intestate, H. R. West, was the administrator of James Bowers, deceased. On the death of H. R. West, letters of administration de bonis non of Bowers’ estate were granted to John Clark, the appellee. He caused the appellant to be cited before the Ordinary of Colleton to account for the administration of her intestate on Bowers’ estate. The parties appeared by their counsel, and a decree was rendered against the appellant for $1329 60. An appeal was taken, because the Ordinary had charged the estate of West with the amount of a note of W. W. Williams & Co. to the intestate, Bowers, for $400, when there was no such evidence of *187 negligence as rendered West liable. The report of the Ordinary states simply that “there was no evidence before him, and therefore no good cause shewn, why the item, complained of by the appellant, should be excluded from the account and decree.” The judgment of the Ordinary was affirmed, and an appeal thereupon taken to this Court.
The Act of 1839 requires expressly that the Ordinary should furnish to the party appealing, not only a copy of his judgment or decree, but “ of the evidence taken by him in such proceeding.” If the report of the Ordinary be taken literally that “there was no evidence before him,” the decree against the appellant was certainly without authority. But if it be meant that there was evidence before him, which was sufficient, prima facie, to charge the administrator, and that there was no evidence to repel this inference, then it was the duty of the Ordinary to have reported the testimony which created the prima facie inference, in order that this Court might judge of its sufficiency or insufficiency. But by the admission of the parties, the Court is placed in possession of the testimony which is reported in a case between the same parties, 2 Rich. R. 314. Under a misapprehension, an appeal had been taken to the Court of Common Pleas, and the jury returned a verdict in favor of the administratrix. The case was subsequently dismissed for want of jurisdiction. But from the report of the presiding judge, it appears that Bowers, (the first intestate) died in July, 1841. In March, 1842, administration was granted to H. R. West, (appellant’s intestate.) West died in May of the same year, and in August, 1842, John Clark, the appellee, became administrator de bonis non of Bowers. At the accounting before the Ordinary, 2d December, 1842, the appellant produced the note of W. W. Williams & Co., but it was insisted, and so ruled by the Ordinary, that the estate of West was liable for the amount.— The note was dated 4th September, 1839, and had been taken by Bowers himself. The makers became insolvent in the Spring of 1843, about twelve months after the death of the first administrator.
The only ground on which to charge the administrator, West, is his possession of the note from March, when he became administrator, until his death in May following. He might have instituted a suit, but it would have abated by his death. The makers of the note did not become insolvent until the Spring of the year following. After the death of West, in May, 1842, no one but the administrator de bonis non was authorized to institute proceedings for the recovery of the note. The Court can perceive no evidence of such neg *188 ligence on the part of West as would warrant the Ordinary in charging his estate with the amount of the note of W. W. Williams & Co.
It is ordered and decreed, that the defendant’s first groud 'of appeal be sustained, and that it be referred to the Commissioner to re-state the account accordingly. Costs, since the decree of the Ordinary, to be paid out of the assets of the intestate, James Bowers, deceased.
Johnston, Ch. and Caldwell, Ch. concurred.

Decree reversed.